**BARNES & THORNBURG LLP**
SETH ALAN GOLD (SBN 163220)
seth.gold@btlaw.com
ERIC S. FISHER (SBN 240545)
efisher@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile:  (310) 284-3894

Attorneys for Defendant
BROWN SUGAR, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LUIS LICEA, an individual citizen of California,<br><br>Plaintiff,<br><br>v.<br><br>BROWN SUGAR, LLC, a Georgia limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANT**<br><br>[Removal from the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV24404]<br><br>Action Filed:   June 29, 2020 |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF LUIS LICEA AND HIS COUNSEL OF RECORD, PLEASE TAKE NOTICE:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332, Defendant Brown Sugar, LLC ("Brown Sugar" or "Defendant"), hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV24404, to the United States District Court for the Central District of California, Western Division. Removal is proper on the following grounds:

### I. TIMELINESS OF REMOVAL

1.  Plaintiff Luis Licea ("Plaintiff") filed a Complaint (the "Complaint") against Defendant in the Superior Court for Los Angeles County, California, Case Number 20STCV24404, on June 29, 2020. Pursuant to 28 U.S.C § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant as of the date of this filing are attached as Exhibits A–B to the Declaration of Eric S. Fisher ("Fisher Decl.") , attached hereto as Exhibit 1.

2.  Plaintiff served Defendant with a Summons and Complaint on July 2, 2020. (*See* Fisher Decl., Ex. A.) This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

### II. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

3.  This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because, as detailed below, (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  The United States District Court for the Central District of California, Western Division, is the appropriate venue for removal pursuant to 28 U.S.C.

§ 1441(a) because it embraces the place where Plaintiff originally filed this case, in Los Angeles County Superior Court. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

### A. There is Complete Diversity of Citizenship.

5. Plaintiff, an individual, is a citizen of California. (*See* Compl. at ¶ 7).

6. Defendant is a Georgia limited liability company with its principal place of business in Georgia. (*See* Compl. at ¶ 9). Defendant's sole member is Bounce Media, LLC (DE), a Delaware limited liability company with its principal place of business in Georgia. (*See* Declaration of Calandria Meadows ("Meadows Decl.") at ¶ 2, attached hereto as Exhibit 2.) Bounce Media, LLC (DE)'s sole member is Katz Broadcasting Holdings, LLC, a Georgia limited liability company with its principal place of business in Georgia. (*Id.*) And, Katz Broadcasting Holdings, LLC's sole member is Scripps Media, Inc., a Delaware corporation with its principal place of business in Cincinnati, Ohio. (*Id.*)

7. Plaintiff is a citizen of California and Defendant is a citizen of Georgia. Therefore, complete diversity of citizenship between the parties exists. *See* 28 U.S.C. § 1332. Complete diversity existed at the time the Complaint was filed and at the time of removal.

### B. The Amount in Controversy Exceeds the $75,000 Threshold.

8. Removal under 28 U.S.C. § 1446(c)(2)(B) is proper if the Court finds that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. Plaintiff seeks actual damages of less than $50. (*See* Compl. at ¶ 1 ("[E]arlier this year" he signed up for a service that charges $3.99 per month when the free trial is over)).

10. Plaintiff also seeks "injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203." (*See* Compl. at ¶ 39).

11. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt*

*v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). According to the Complaint, the object of the litigation in this case is Defendant's "offer[] via its website "free trials" of various products and services." (*See* Compl. at ¶ 18).

12. "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce. *See Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating amount in controversy, 'the value of the thing sought to be accomplished by the action may relate to either or any party to the action') (internal quotation omitted). In other words, where the value of a plaintiff's potential recovery (in this case, a maximum of $3,500) is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *McCauley v. Ford Motor Co.* (*In re Ford Motor Company/Citibank (S.D.) N.A.*), 264 F.3d 952, 958 (9th Cir. 2001).

13. There are currently over 150,000 subscribers nationwide to Brown Sugar's video streaming services, and there is no way to close the website to a segment of subscribers (i.e., California residents only). Revenue from these subscriptions alone averages more than $200,000 each month, and even a short-term injunction of several days that prevents Brown Sugar from operating its website will result in over $75,000 thousand dollars in lost fees and goodwill. (*See* Meadows Declaration, ¶ 4).

14. Based on its understanding of the relevant guidelines, Brown Sugar does not believe that it is required to make any changes to its website. However, if Brown Sugar is required to hire consultants and IT personnel to overhaul its processes and website functions, that cost alone will likely be tens of thousands of dollars in fees and personnel hours, and may itself exceed $75,000. (*Id*. at ¶ 5).

15. Plaintiff's attempt at forum shopping with the purported damages "DISCLAIMER" in the Complaint is unenforceable and should be disregarded. (*See*

Compl. at ¶ 40.) While Plaintiff may be able to limit his actual damages or even the attorney's fees that his counsel is seeking, he cannot limit the cost to Defendant of the requested injunctive relief. Either Plaintiff is seeking injunctive relief and the amount in controversy reflects the cost of such relief to Defendant, or Plaintiff is abandoning his claim for injunctive relief. (If Plaintiff chooses the latter path, the amount in controversy is well under $10,000 and this matter should have been filed in small claims court.)

16. Thus, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

17. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant are attached as Exhibits A–B to the Fisher Declaration.

18. Upon filing this Notice of Removal, Defendant will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of Los Angeles County pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant removes to this Court the above action pending against it in the Superior Court of California, County of Los Angeles.

Dated: July 31, 2020

**BARNES & THORNBURG LLP**

By /s/ Eric S. Fisher
Seth Alan Gold
Eric S. Fisher

Attorneys for Defendant
Brown Sugar, LLC